IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| George Baldwin Hutchinson, Jr., | ) | C/A No.: 3:23-6178-MGL-SVH |
| Plaintiff, | ) | |
| vs. | ) | |
| The United States, 81st Readiness Division Ft Jackson SC, Provost Marshal FT Jackson/Officers, and Named Key Personnel, | ) | ORDER |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, has filed motions for leave to proceed *in forma pauperis* ("IFP"), to be notified by email of all electronic filings, and for issuance of subpoenas. Under Local Civ. Rule 73.02(B)(2) (D.S.C.), all pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge. For the reasons explained below, the undersigned dismisses as moot Plaintiff's motion for leave to proceed IFP [ECF Nos. 3], denies his motion to be notified by email of all electronic filings [ECF Nos. 4], and denies without prejudice his motion for issuance of subpoenas [ECF No. 15].

I.     Motion for Leave to Proceed IFP

Plaintiff filed a motion titled "MOTION FOR LEAVE TO PROCEED AS A VETERAN" [ECF No. 3], which the court interprets as a motion for leave to proceed IFP. *See* 28 U.S.C. § 1915. He asserts he is a "10-time deployed

<u>Combatant Veteran</u>" and requests the court apply rules "exempting veterans from the payment of fees or court costs" and allow him to "proceed without prepayment of fees or costs or furnishing security therefor." [ECF Nos. 3 at 1]. Although Plaintiff previously paid the filing fee, *see* Receipt No. SC00107846, he appears to be requesting the court refund the amount he paid and allow him to proceed IFP.

Plaintiff cites "Rule 40. Veterans, Seamen, and Military Cases" as supporting his motion. *See* ECF Nos. 3 at 1 and 14 at 1. This appears be a reference to Rule 40 of the Supreme Court Rules, which allows "[a] veteran suing to establish reemployment rights under 38 U.S.C. § 2022, or any other provision of law exempting veterans from the payment of fees or court costs" to "proceed without the prepayment of fees or costs or furnishing security therefor." Plaintiff is not proceeding under 38 U.S.C. § 2022, and this action is not brought in the United States Supreme Court. Thus, the rule Plaintiff cites appears to be inapplicable. Plaintiff has cited no other authority that would exempt him from paying the filing fee based on his status as a veteran.

The undersigned has considered whether Plaintiff should be granted leave to proceed IFP pursuant to 28 U.S.C. § 1915. "Under § 1915, a court may authorize a plaintiff to proceed under IFP status after a plaintiff has submitted an affidavit listing his assets and attesting to his inability to pay the filing fee."

*Key v. DOT*, C/A No. 2:01-3076-DCN, ECF No. 10 at 4 (citing 28 U.S.C. § 1915(a)(1)).

On January 10, 2024, the undersigned issued a proper form order advising Plaintiff that if he desired for the court to consider his request for leave to proceed IFP, he should "fully complete, sign, and return the enclosed Application to Proceed Without Payment of Fees and Affidavit ("Form AO 240")" by January 31, 2024. [ECF No. 10 at 5] (citing 28 U.S.C. § 1915(a)(1). Plaintiff declined to complete Form AO 240 within the time period permitted by the court and instead resubmitted a signed copy of the same "MOTION FOR LEAVE TO PROCEED AS A VETERAN" he had previously submitted. *Compare* ECF No. 3, *with* ECF No. 14.

Because Plaintiff has failed to submit documentation that would allow the court to assess his ability to pay the filing fee, the undersigned lacks the information necessary to address the motion to proceed IFP and dismisses it as moot given Plaintiff's payment of the filing fee.

II.     Motion to be Notified by Email of All Electronic Filings

Plaintiff filed a motion to be notified by email for all electronic filings "due to traveling and scheduling."[1] [ECF Nos. 4, 13]. He represents he is a "registered" user of Public Access to Court Electronic Records ("PACER"), but he is not a

---

[1] Plaintiff initially failed to sign the motion, and the court permitted him time to sign and return it. [ECF No. 10 at 4].

3

"Filing User" of the court's Case Management/Electronic Case Filing ("CM/ECF") system.

Pursuant to the District of South Carolina's Electronic Case Filing Policies and Procedures ("ECFPP"), "[a] Pro Se Party may not register as a Filing User to file electronically in the ECF System." ECFPP § 3.3. "A Pro Se Party shall file papers in the Traditional Filing Method." *Id.* This requires Plaintiff to file original paper documents bearing his signature. *See id.* at § 1.13.

Because Plaintiff is not a filing user of CM/ECF, he "shall be served with electronically-filed documents through Traditional Service," meaning he shall be served with "a paper copy of the document using the forms of service authorized under the Federal Rules of Civil Procedure." §§ 1.14, 11.2.2. Accordingly, the undersigned denies Plaintiff's motion to be notified by email of all electronic filings.

III.  Motion for Issuance of Subpoenas

Plaintiff filed a motion titled "SUBPOENA FOR THE PRODUCTION OF DOCUMENTS (SUBPOENA DUCES TECUM) TO PERMIT INSPECTION OF PREMISES FURTHER DEPOSITIONS OF PERSONNEL ON THE ADMINISTRATIVE RECORD." [ECF No. 15]. He references Fed. R. Civ. P. 45. *Id.* at 1. He states he "wish[es] to have produced/access/depose" the following:

   I.  Personnel involved and fully identified revealed and employment history/rank responsibilities available relating to this action,

4

II. Military Associates and DA Civilians SC. FT Jackson South Carolina;
III. Mr./LTC Oustz Office Officer Personnel
IV. Reservist/DA Civilian = Ms. Ashanti Dickerson
V. E-8 Now known as MSG Anika Floore
VI. MAJ Katrice Butler RSO OIC RSC SC
VII. G1–E-8 Claim to be G1 SGM Acting possible Wig low cut Hair Name Unknown
VIII. Facilities Manager Whom Escorted me to the Post Jag Name Unknown
IX. DES Securities Manager whom offered me (IG) Name Unknown
X. FORT JACKSON PROVOST MARSHALL HIM SELF Maj Ferrell Cpt Flemming, Officer Burke AND Detective or Investigator he is one Who called me back to the false scene
XI. Mr. Busey and Counter parts
XII. Records to produce.
- Phone call to the Ft Jackson Provost Marshall on said date
- Police Reports end of call/duty reports pertaining to the incident that led to the Detainment/False Imprisonment/Constructive arrest
XIII. What is the Violation policy for a Military Officer to give a civilian an order while in uniform, treating the civilian as if he is in the military.
XIV. Building Camera footage/audio
XV. Disciplinary action reports or statements about this incident
XVI. Depositions May occur at Ft Jacksons Jag Office or Virtual for ease of process
XVII. All Communications, notices records, notes, internal memoranda, or other documents relating to the filing of this action by military/DoD personnel. This matter.

*Id.* at 2.

Therefore, Plaintiff's motion is premature, as the court has not authorized discovery in this case. This court previously recognized that "the issuance of a subpoena is for discovery purposes." *Carroll v. United States*, C/A No. 5:14-2167-JMC, 2015 WL 854927, at *6 (D.S.C. Feb. 27, 2015). "A party may not

seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Pursuant to Local Civ. R. 16.00(B) n.8 (D.S.C.):

> Due to the special concerns raised by oral communications between counsel and unrepresented litigants, it is the general practice in this district to waive the Fed. R. Civ. P. 26(f) conference requirement when any party is proceeding *pro se. See also* Local Civ. Rule 7.02 (D.S.C.) (no consultation requirement in *pro se* actions). Because these concerns are not present as to written communications or submissions, it is the general practice in this district not to waive the disclosure requirements of Fed. R. Civ. P. 26(a)(1)-(3), the report requirement of Fed. R. Civ. P. 26(f), and the various requirements of Local Civ. Rule 26 (D.S.C.) in a *pro se* action to which they otherwise apply.

*See* Fed. R. Civ. P. 26(a)(1)(B) (exempting prisoner *pro se* actions from the 26(a)(1) requirements absent order to the contrary); Local Civ. Rule 26.03(D) (D.S.C.) (addressing submission of Fed. R. Civ. P. 26(f) report when the conference requirement is waived). This is not a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), and the parties have not complied with Fed. R. Civ. P. 26(f), as Plaintiff has failed to provide documents required to bring the case into proper form for issuance and service of process on any defendant. Accordingly, the undersigned denies Plaintiff's motion for issuance of subpoenas.

IT IS SO ORDERED.

February 12, 2024
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge