IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

George Baldwin Hutchinson, Jr.,    )    C/A No.: 3:23-6178-MGL-SVH
    )
    Plaintiff,    )
    )
vs.    )
    )    REPORT AND
81st Readiness Division Ft.    )    RECOMMENDATION
Jackson SC and United States,    )
    )
    Defendants.    )
    )

George Baldwin Hutchinson, Jr. ("Plaintiff"), proceeding pro se, alleges in his second amended complaint that he was "met with unprofessional and discriminatory conduct" and "subjected to constructive arrest and detention" on September 9, 2021, when he visited the 81st Readiness Division at Fort Jackson, South Carolina, to seek assistance concerning his retirement benefits. [*See* ECF No. 31 at 3]. He sues the 81st Readiness Division and the United States (collectively "Defendants"), alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), as well as violations of the Federal Tort Claims Act, 18 U.S.C. § 1346(b) ("FTCA"). Defendants seek dismissal.

This matter comes before the court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [ECF No. 47]. Pursuant to

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 48]. Defendants' motion having been fully briefed [*see* ECF Nos. 51, 52], the matter is ripe for disposition.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion to dismiss.

I.     Factual and Procedural Background

In his second amended complaint, Plaintiff alleges in full as follows:

On or about September 09, 2021, Plaintiff visited the 81st Readiness Division at Fort Jackson, South Carolina, to seek assistance from the Retirement Section due to unresponsiveness to his prior communications.

Upon arrival, Plaintiff was met with unprofessional and discriminatory conduct from the staff. Despite his peaceful demeanor and legitimate purpose for the visit, Military Police were called to the scene without Plaintiff's knowledge . . . .

Plaintiff was subjected to a constructive arrest and detention by Military Police. He was detained without cause and questioned in an effort to find a pretext to justify his detention . . . .

During this detention, Plaintiff was not charged with any crime, and there are currently no pending charges against him . . . .

> The defendant(s) had an opportunity to hand[le] this matter in house at the government division IG level not local which they had direct opportunity to fix and resolve this matter due to distrust and the knowledge of the Claimant [Plaintiff/n] background whom knows how this process works it was ignored . . . .

[ECF No. 31 at 3 (errors in original)].

In support of the above allegations, Plaintiff has submitted documentation that on November 16, 2022, he presented an administrative claim to the United States Army. [*See* ECF No. 31-2 at 1–18 (acknowledging receipt of Plaintiff's administrative claim and attaching a copy of the date-stamped claim)]. By certified mail dated May 26, 2023, the Army denied Plaintiff's administrative claim. *Id.* at 19. The letter included the following statement: "If you are dissatisfied with the action taken on your claim, you may file suit in an appropriate United States District Court no later than six months from the date of mailing of this letter. . . . By law, failure to comply with that time limit forever bars your claim." *Id.* at 21 (citing 28 C.F.R. § 14.9(a); 28 U.S.C. § 2401(b)). On December 1, 2023, Plaintiff filed his original complaint in this civil action. [ECF No. 1, *see also* ECF No. 1-1 at 1 (showing a postmark of November 24, 2023, and the court's received stamp of December 1, 2023, at 11:30 a.m.)].[1]

---

[1] Plaintiff, in briefing, agrees with the above timeline summarized above. [*See* ECF No. 51 at 3 (stating Plaintiff "received notice from the tort branch on May 26, 2023, and mailed his complaint on November 24, 2023 . . . .")].

II.    Discussion

A.    Standard on Motion to Dismiss

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the court lacks subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be based. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot

4

support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

1.     *Bivens* Claim

As to Plaintiff's *Bivens* claim for damages, sovereign immunity deprives this court of subject matter jurisdiction over Defendants. The purpose of *Bivens* in allowing suit against federal officers in their individual capacity is to deter the individual officer from committing constitutional

5

violations, not to deter the agency. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69–70 (2001). Indeed, both parties agree that Plaintiff's *Bivens* claim for damages, as currently asserted, is barred by sovereign immunity. [*See* ECF No. 47 at 3, ECF No. 51 at 2].

However, Plaintiff argues that he should be given leave to amend to assert his *Bivens* claim against the individual officers involved in the alleged constitutional violations. [ECF No. 51 at 2]. Plaintiff further argues that to do so he "would need access to the officers fully furnished names." *See id.*[2]

Plaintiff has taken advantage of multiple opportunities to amend his complaint, but, in this instance, he has not filed a motion to amend nor attached a proposed amended complaint for the court to assess. Although, generally, a court should freely grant leave to amend a complaint when justice so requires, at this time the court has no such motion before it to grant. *See, e.g., Mena v. Lack's Beach Serv., Inc.*, C/A No. 4:06-2536-TLW-TER, 2007 WL 9753156, at *5–7 n.7 (D.S.C. June 11, 2007) ("Plaintiff failed to submit with its motion a copy of the proposed amended complaint. This alone is grounds for denial of the motion.") (citing *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003) ("Without viewing the proposed amendment, it

---

[2] Defendants respond that "Plaintiff cites no legal authority for the proposition that the United States must furnish him with the employees' information before he has pled a cognizable *Bivens* claim. Defendants certainly object to doing so at this stage of the litigation." [ECF No. 52 at 4].

was impossible for the district court to determine whether leave to amend should have been granted.")); *see also, e.g., Langford v. Joyner*, 62 F. 4th 122, 125 (4th Cir. 2023) ("[T]o state a plausible *Bivens* claim, 'a plaintiff must plead that *each* Government-official defendant, through the official's own individual actions, has violated the Constitution.'") (quoting *Iqbal*, 556 U.S. at 676)).

As to Plaintiff's *Bivens* claim and his request for declaratory or injunctive relief, Defendants argue Plaintiff lacks standing to assert any such claim where he has alleged only an isolated incident occurring on September 9, 2021, and has not asserted a "real and immediate threat of repeated injury." [ECF No. 47 at 5]. Plaintiff disagrees, arguing his claims are "based on a pattern of discriminatory behavior and unprofessional conduct," also noting he "has a reasonable expectation that such conduct could recur, especially given his ongoing need to interact with the 81st Readiness Division for retirement benefits." [ECF No. 51 at 3].

The court is not convinced. Although Plaintiff alludes to a "pattern" in briefing, he has not alleged any incident occurred other than the one incident that occurred on September 9, 2021. Although he may return to the place where the alleged constitutional violations occurred roughly three years ago, this is insufficient to confer standing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 95–96 (1983) ("Past exposure to illegal conduct does not in itself

show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (citation omitted)).[3]

Accordingly, the undersigned recommends the district judge grant Defendants' motion to dismiss as to Plaintiff's *Bivens* claim. To the extent that Plaintiff seeks to amend his complaint concerning this claim, that issue is not properly before the court at this time.

### 2. FTCA Claim

Defendants argue that Plaintiff's FTCA claim is barred by the applicable statute of limitations. Plaintiff disagrees, arguing his claim is timely pursuant to the mailbox rule or, in the alternative, that he is entitled to equitable tolling because he is "a pro se litigant and a veteran" and mailed his complaint within the applicable six-month limitations period. [ECF No. 51 at 3–4].

Title 28 U.S.C. § 2401(b) contains the statute of limitations under the FTCA and states in relevant part as follows:

---

[3] Defendants note that Plaintiff has failed to offer any "reason to believe the individuals with whom he interacted in 2021 are still in their respective roles, such that he would be likely to encounter the same alleged 'unprofessional and discriminatory conduct.'" [ECF No. 47 at 6]. Although it is Plaintiff's burden to establish standing, *Lujan v. Defenders of Wildlife*, 504 U.S. 55, 560–61 (1992), Plaintiff responds only with the rhetorical question, asking if Defendant can "clarify[] and confirm[] all parties involved still do and or do not work at this location?" [ECF No 51 at 2].

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Here it is undisputed that Plaintiff filed his original complaint in this court more than six months after the date the Army mailed notice of the denial of his claim. *See, e.g., Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) ("In sum, § 2401(b) requires a plaintiff to bring a federal civil action within six months after a federal agency mails its notice of final denial of his claim. Of course, the only way to begin a federal civil action is by filing a complaint with a federal district court. Fed. R. Civ. P. 3.").

Plaintiff argues, however, that because he placed his complaint in the mail within the six-month period, his claim is timely, invoking the mailbox rule. This rule is based on *Houston v. Lack*, 487 U.S. 266 (1988), where the Supreme Court found that, in prisoner cases, a filing is deemed "filed" when that the prisoner places the document in the prison mail system. However, Plaintiff has not cited, nor is the court aware, of the extension of the mailbox rule in a non-prisoner case. *See, e.g., Buono v. Colvin*, C/A No. 3:13-851 DJN, 2014 WL 3735542, at *3 (E.D. Va. July 28, 2014) ("Both this Court and the Fourth Circuit have recognized that this rule does not apply to individuals

who are not prisoners."); *In re Seizure of 2007 GMC Sierra SLE Truck, VIN: £2GTEK13C1715*, 32 F. Supp. 3d 710, 717 (D.S.C. 2014) ("However, the undersigned is unaware of, and Petitioner has not cited, any cases applying the mailbox rule to the filings of claims of individuals who are not incarcerated."); *Bullock v. United States*, 176 F. Supp. 3d 517, 526 n. 16 (M.D.N.C. 2016) (same).

Plaintiff also argues he is entitled to equitable tolling in that he is proceeding pro se, is a veteran, and timely mailed his complaint, even though the court did not receive his complaint until after the relevant statute of limitations had expired.

Equitable tolling is only appropriate where plaintiffs "show that they have pursued their rights diligently *and* extraordinary circumstances prevented them from filing on time." *Raplee*, 842 F.3d at 333 (citing *Holland v. Florida*, 560 U.S. 631, 649, (2010)) (emphasis in original). "[E]quitable tolling is reserved for "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Here, Plaintiff has not identified extraordinary circumstances warranting the applicable of equitable tolling. Accordingly, the undersigned

recommends the district judge grant Defendants' motion to dismiss, dismissing Plaintiff's FTCA claim with prejudice.[4]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Defendants' motion to dismiss. [ECF No. 47].

IT IS SO RECOMMENDED.

July 22, 2024                                    Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] Dismissal of this claim with prejudice is warranted where "amendment would be futile in light of the [complaint's] fundamental deficiencies." *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Here, because Plaintiff cannot cure the deficiency of his claim being untimely, the undersigned recommends dismissal of his FTCA claim with prejudice.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).