

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GEORGE BALDWIN HUTCHINSON JR., § § | |
| Plaintiff, § § | |
| vs. § | Civil Action No. 3:23-6178-MGL |
| § | |
| 81ST READINESS DIVISION FT. JACKSON § SC and UNITED STATES, § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY,
GRANTING DEFENDANTS' MOTION TO DISMISS,
AND DEEMING AS MOOT PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiff George Baldwin Hutchinson (Hutchinson), who is representing himself, filed this civil action against Defendants 81st Readiness Division Ft. Jackson SC and United States (collectively, Defendants), alleging violations of his constitutional rights under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as well as violations of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq.

This matter is before the Court for review of the Report and Recommendation (Report) of the Magistrate Judge recommending the Court grant Defendants' motion to dismiss. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

II.     **FACTUAL AND PROCEDURAL HISTORY**

In 2021, Hutchinson, a retired veteran of the United States Army (Army), visited Fort Jackson's Retirement Services Office to obtain information about his retirement benefits. While at Fort Jackson, Hutchinson alleges he was subjected to "unprofessional and discriminatory conduct from the staff." Second Amended Complaint ¶ IV.II. He avers this resulted in Military Police constructively arresting and detaining him in violation of his constitutional rights.

The Army thereafter received an administrative claim from Hutchinson, in which he sought $2.5 million for intentional infliction of emotional distress, false arrest, false imprisonment, and detainment of a civilian. The Army notified Hutchinson it was denying his claim through a letter dated May 26, 2023. Notably, the Army advised Hutchinson:

> If you are dissatisfied with the action taken on your [FTCA] claim, you may file suit in an appropriate United States District Court no later than six months from the date of [the] mailing of this letter. *See* 28 Code of Federal Regulations § 14.9(a). By law, failure to comply with that time limit forever bars your [FTCA] claim. *See* 28 United States Code § 2401(b).

Letter at 3.

On December 1, 2023—six months and six days after the Army sent its denial letter—Hutchinson filed this action against Defendants. He seeks declaratory, injunctive, and monetary relief under *Bivens* and the FTCA. Defendants subsequently filed a motion to dismiss.

The Magistrate Judge filed the Report on July 22, 2024. Hutchinson filed a sur-reply to Defendants' motion to dismiss on July 29, 2024, and objections to the Report on August 5, 2024. Defendants filed their reply on August 19, 2024, and Hutchinson filed a sur-reply on August 28, 2024.

2

**III.   STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court, however, need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record to accept the recommendation'").

**IV.   DISCUSSION AND ANALYSIS**

Initially, the Court will grant Hutchinson's motion to file a sur-reply to Defendants' motion to dismiss. Even still, Hutchinson has failed to present any specific objections to the Report. His objections merely repeat claims the Magistrate Judge properly considered, addressed, and rejected. Inasmuch as the Court agrees with the Magistrate Judge's detailed treatment of Hutchinson's claims in her well-written and comprehensive Report, it is unnecessary to repeat the discussion

here. Nonetheless, in an abundance of caution, the Court has teased out two objections, which it will briefly address below.

First, Hutchinson challenges the Magistrate Judge's conclusion Defendants are entitled to sovereign immunity on his *Bivens* claim for declaratory and injunctive relief. Although Hutchinson concedes sovereign immunity bars this claim against Defendants, he posits the Magistrate Judge failed to acknowledge his second amended complaint lists individual federal officers as "bad actors" responsible for his constitutional violations. Objections at 5.

Even if Hutchinson sufficiently identified the individual officers, the second amended complaint neglects to allege Hutchinson suffers "any continuing, present adverse effects" from his exposure to the officers' purportedly illegal conduct. *Davison v. Randall*, 912 F.3d 666, 677–78 (4th Cir. 2019) ("Because [p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects, a plaintiff seeking declaratory or injunctive relief . . . must establish an ongoing or future injury in fact." (internal quotation marks omitted) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974))). Accordingly, Hutchinson lacks standing to bring a *Bivens* claim for declaratory and injunctive relief.

Inasmuch as Hutchinson relies on the "ongoing nature" of his post-traumatic stress disorder (PTSD), Hutchinson's Sur-Reply at 4, absent from the second amended complaint is any allegation Hutchinson suffers from personal injury due to the officers' alleged constitutional violations. And, in considering a motion to dismiss under Rule 12(b)(6), the Court "may consider only the facts alleged in the complaint[.]" *Equal Emp. Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

Therefore, the Court will overrule Hutchinson's first objection.

Hutchinson next objects to the Magistrate Judge's conclusion his FTCA claim is barred by the applicable statute of limitations. Hutchinson maintains his complaint was postmarked within the six-month limitations period and was thus timely filed. But, as the Magistrate Judge explained, Hutchinson "has not cited, nor is the [C]ourt aware, of the extension of the mailbox rule in a non-prisoner case." Report at 9; *see Thompson v. E.I. DuPoint de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) ("[The plaintiff's] only explanation for her delay is that the post office took over three days to deliver the letter enclosing her notice of appeal. However, in contrast to the incarcerated, pro se litigant, the unincarcerated litigant who decides to rely on the vagaries of the mail must suffer the consequences if the notice of appeal fails to arrive within the applicable time period." (emphasis omitted)). And, here, even with the three-day grace period for filings accomplished by mail, Fed. R. Civ. P. 6(d), Hutchinson filed his complaint too late.

Hutchinson maintains "[t]he severe and ongoing impact of PTSD" and "significant delays caused by the [United States Postal Service] during the COVID-19 pandemic" constitute extraordinary circumstances warranting the application of equitable tolling.

The Fourth Circuit has made clear "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Irwin v. Dep't of Veteran Affs.*, 498 U.S. 89, 96 (1990)). Indeed, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 235, 330 (4th Cir. 2000).

Here, the limitations period lapsed more than three years into the COVID-19 pandemic. And, like the petitioner in *Rouse*, Hutchinson "provides no reason why his medical condition barred him from filing his [complaint] at least one day earlier." *Id.* at 248.

5

Therefore, the Court will overrule Hutchinson's second objection, as well.

## V.     CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Hutchinson's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Hutchinson's motion for leave to file a sur-reply is **GRANTED**, Defendants' motion to dismiss is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

Because this case is being dismissed, Hutchinson's motion for partial summary judgment is necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 17th day of March 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.